IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD FORD,<br>ID #005249,<br>Plaintiff, | §<br>§<br>§<br>§ | |
| v. | § | No. 3:26-CV-2132-E-BW |
| FNU LNU, et al.,<br>Defendants. | §<br>§<br>§ | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Based on the relevant filings and applicable law, the Court should **DISMISS** this action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and follow court orders.

## I. BACKGROUND

Ronald Ford, while incarcerated at the Navarro County Jail, initiated this action by writing a letter that was received by the Clerk on June 23, 2026, in which he complained that jail staff denied his request to go to the hospital after suffering an injury. (*See* Dkt. No. 3.) On June 30, the Court entered an order apprising Ford that his letter did not comply with Fed. R. Civ. P. 8(a) and directing him to submit an amended complaint—on a provided form—if he intended to file a civil rights complaint under 42 U.S.C. § 1983. (Dkt. No. 4.) The order also directed Ford to either pay the $405.00 filing fee or submit an application to proceed in forma

[1] By Special Order No. 3-251, this pro se case has been automatically referred for judicial screening. (*See* Dkt. No. 1.)

pauperis ("IFP") with the required certificate of inmate trust account. (*See id.* at 1.) Ford later submitted the IFP application and amended complaint. (*See* Dkt. Nos. 6, 7.)

On August 28, the Court entered an order noting based on publicly available information that Ford no longer appeared to be detained in the Navarro County Jail. (Dkt. No. 8.) Ford, however, had not updated his address as he had been instructed at least twice to do. (*See* Dkt. No. 2, 4 at 2.) Based on his apparent release and his failure to update his address, the Court recognized that Ford might no longer be interested in pursuing any claims asserted in this case. The Court therefore ordered Ford to file a document manifesting an intent to proceed with this case by September 25, 2026. (Dkt. No. 8.) The order stated that, if Ford failed to file an intent to proceed, the Court would consider him to be no longer interested in pursuing his claims and that this action would be recommended for dismissal.

Ford's deadline to demonstrate an intent to prosecute this action has passed, and he has not file anything manifesting an intent to proceed. Additionally, the Court's August 28 order mailed to Ford has been returned as undeliverable. (Dkt. No. 9.)

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018). This authority flows from a court's inherent

power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Further, a court's authority under Rule 41(b) is not diluted merely because a party proceeds pro se, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019).

Ford has not complied with court rules and the Court's order (Dkt. No. 4) to notify the Court of any change of address. By not complying with the order and case instructions, Ford prevents this action from proceeding and has failed to prosecute this lawsuit. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and dismiss this action without prejudice under Rule 41(b).

## III. RECOMMENDATION

The Court should **DISMISS** this habeas action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and follow court orders.

**SO RECOMMENDED** on September 30, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).